IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAKE LOVE CO., | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| AMERIPRIDE SERVICES, LLC | ) |
| and ARAMARK, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Cake Love Co., a California Corporation, on behalf of itself and the proposed Classes (defined below), by and through its counsel, states as follows for its Class Action Complaint against AmeriPride Services, Inc. ("AmeriPride") and Aramark (together, "Defendants"):

## THE PARTIES

1.      Plaintiff Cake Love Co. is a California Corporation which operates as a bakery with its principal place of business located at 926 East Ontario Avenue, Suite 104, Corona, California 92881.  Since on or about February 27, 2018, Plaintiff and AmeriPride have been parties to a written contract titled "AmeriPride Services Inc Service Agreement." (Defendants use a uniform contract that governs the prices for the provision of thier services, which includes a price increase threshold that requires notice if prices increase above a certain percentage ("the Contract").)  A true and correct copy of the Contract

974850.1                                     1

between Plaintiff and Defendants is attached hereto as "Exhibit A." Plaintiff was not represented by counsel in the negotiation and execution of the Contract.

2. Until January 5, 2021, AmeriPride Services Inc. was a Delaware corporation maintaining its principal place of business in Saint Paul, Minnesota. On January 6, 2021, AmeriPride Services Inc. converted to a Limited Liability Company and changed its registered business name to AmeriPride Services, LLC. AmeriPride Services, LLC is a Minnesota limited liability company with its principal place of business in Minneapolis, Minnesota. AmeriPride Services Inc. was in the business of providing linen, uniform and laundry services, along with various other workplace supplies. AmeriPride has been acquired by Defendant Aramark, but AmeriPride continues to conduct business in its own name and continues to utilize the Contract in similar substance and form in conducting its business. *See* Aramark, Annual Report (Form 10-K) (Nov. 23, 2021) at Ex. 2.2.

3. Defendant Aramark is a Delaware corporation in the business of providing linen, uniform and laundry services, among other services and workplace supplies, which maintains its principal place of business in Philadelphia, Pennsylvania. Defendant Aramark became a party to the Contract by virtue of its acquisition of AmeriPride and subsequent provision of services pursuant to the Contract.

## JURISDICTION AND VENUE

4. The Court maintains original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) as the matter in controversy exceeds the value of $5,000,000.00, exclusive of interest and costs, and Plaintiff asserts a class action claim in which Plaintiff is a citizen of a state different from any Defendant.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Defendant AmeriPride is a resident of this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, Defendants have conducted business in this District during all times relevant, and Defendants are subject to personal jurisdiction within this District.

## NATURE OF ACTION

6. Defendants operate a linen, uniform and laundry service from which Plaintiff and members of the Classes rent items such as linens, towels, floor mats, mop heads, uniforms and aprons. Defendants enter into a form Contract with Plaintiff and members of the Class in formalizing their business relationship.

7. This class action arises out of Defendants' systematic breach of the Contract.

8. The Contract is a form agreement widely used by AmeriPride and executed by AmeriPride and/or Aramark and Classes' members.

9. Paragraph 3 of the Contract provides:

> The initial base price for the services has been identified above. This may change if inventories increase or decrease, but they cannot decrease below the invoice minimum listed above. In addition to the base price, we reserve the right to charge you for other ancillary fees related to the services provided including a minimum delivery charge and inventory maintenance charge. We reserve the right to: (i) increase base prices by 6% each year during the term, (ii) increase ancillary fees and (iii) add ancillary fees as needed. ***If we feel an increase in base price in excess of 6% is necessary, we will notify you of that increase in writing and should you so desire, you can give us notice within 10 days of your rejection of the price increase in excess of 6%.*** The price charged is calculated using a 52 week year and for that reason, there will be no reduction for vacation illness or temporary shutdown.

Ex. A, at 2, ¶ 3 (emphasis added).

10.  Per the plain language of the Contract, Defendants are contractually required to provide advance written notice of a base price increase exceeding 6%[1] prior to imposing a base price increase exceeding 6%. *Id.* Absent advance written notice of the price increase (which triggers the ability to provide written notice of rejection), any such notification would be illusory as the price increase imposition would be without recourse.

11.  Contrary to the letter and spirit of the Contract, Defendants have systematically increased base prices in excess of the contractually permitted percentage increase (in fact, as high as 30%). For example, Defendants increased the base prices charged to Plaintiff as reflected in an invoice dated February 19, 2019, which is attached hereto as "Exhibit B." Below is a chart prepared by Plaintiff's counsel that compares the contracted base prices and the February 19, 2019 invoice prices:

| Item | Contract Base Price | Invoiced Price | Percentage Increase | Dollar Increase for Billing Cycle |
|---|---|---|---|---|
| Aprons | $0.26 | $0.29 | 11.5% | $1.06 |
| Towels | $0.10 | $0.13 | 30.0% | $3.14 |
| Wet Mop | $2.02 | $2.22 | 10.0% | $0.41 |
| Logo Mat | $5.00 | $5.51 | 10.2% | $0.51 |
| Service Charge | $7.50 | $8.62 | 14.9% | $1.12 |
|  |  |  | Total: | $6.24 |

12.  Prior to imposing these base price increases in excess of 6%, Defendants failed to provide Plaintiff and those other customers the required written notice of intent to

---

[1] Defendants' Contract with Plaintiff identifies 6% as the price increase triggering the need to provide notice. However, the Classes include all customers with Contracts with price increase caps that trigger a notice requirement.

974850.1                                           4

impose such increases. Rather, Defendants simply systematically imposed these base price increases through regular invoicing, depriving Plaintiff and the Classes with an ability to reject the increase.

13. Accordingly, Defendants unilaterally implemented base price increases exceeding the allowed percentage without complying with their own contractual requirement for such price increases.

14. Defendants' conduct constitutes systemic breaches of the Contract.

15. As a result of Defendants' breaches of the Contract, Plaintiff and members of the Classes' have been damaged in the form of excessive charges for Defendants' services.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and all other similarly situated customers of Defendants in California (the "California Class"), defined as follows:

> During the class period, all customers of Defendants within the State of California who were parties to the Contract and who were subject to one or more base price increases within four years prior to the filing of this Class Action Complaint to the present in excess of the contractually allowed percentage and who were not first notified of such increase in writing.

17. Additionally, Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and similarly situated individuals within all states (the "Nationwide Class"), defined as follows:

> During the class period, all customers of Defendants within the United States who were parties to the Contract and who were subject to one or more base price increases within the applicable statute of limitations periods to the

present in excess of the contractually allowed percentage and who were not first notified of such increase in writing.

The California Class and the Nationwide Class are referred to collectively as the "Classes."

18. At this time, Plaintiff does not know the exact number of members of each Class but, based on public reporting of the size of Aramark and AmeriPride, reasonably estimates the number of members of each class is at least thousands. AmeriPride's website boasts "broad North American coverage." AMERIPRIDE, https://www.ameripride.com/ (last visited Apr. 11, 2022). Thus, the Classes are so numerous that joinder of all members is impracticable.

19. There are questions of law or fact common to the Classes that predominate over any questions affecting only individual members, including:

    (a) whether the Contracts restricted Defendants to impose base price increases exceeding an allowed percentage only after providing written notice;

    (b) whether Defendants imposed base price increases exceeding the allowed percentage;

    (c) whether Defendants provided written notices of base price increases exceeding the allowed percentage prior to imposing such base price increases,

    (d) whether Defendants' conduct violated the contract; and

    (e) whether Defendants' customers are entitled to recover damages as a result of such breaches.

20. Plaintiff's claims are typical of those of the members of the Classes, because Plaintiff, like all members of the Classes, executed the Contract, which provides for written notice of intent to impose base price increases exceeding the allowed percentage, Defendants failed to provide Plaintiff written notice of its intent to implement such base

price increases, and Plaintiff was damaged by such conduct. Moreover, Plaintiff asserts the same breach of contract claims as all other members of the Classes.

21. Plaintiff will fairly and adequately protect the interests of the Classes as it has retained counsel that is experienced in litigating complex class actions and Plaintiff has no interests which conflict with those of the Classes.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy as the value of each Class members' claim is relatively small and therefore it is unlike that the class members are interested in individually controlling prosecution of separate actions, pursuing separate actions is likely cost-prohibitive due to the relatively-small value of the claims, no similar claim is pending to Plaintiff's counsel knowledge, it is desirable to concentrate the litigation in one forum to avoid duplicative efforts and inconsistent outcomes, there are no substantial difficulties in managing class claims, and economies of scale may be achieved by litigating numerous similar claims in the same forum.

**COUNT I:   BREACH OF CONTRACT – CALIFORNIA CLASS**

23. Plaintiff incorporates by reference each and every allegation set forth above as if fully stated herein.

24. Defendants and members of the California Class entered into written service agreements ("the Contracts") in which Defendants agreed to provide the California Class members certain linen, uniform and laundry services in exchange for the California Class members' payment of specified prices. As part of those specified prices, Defendants and the California Class members agreed that Defendants would not increase base prices in

excess of the allowed percentage without providing written notice to the California Class of intent to impose such increases.

25.  Defendants imposed base price increases in excess of the allowed percentage on the members of the California Class without previously providing the California Class written notice of intent to impose those base price increase in excess of the allowed percentage.

26.  Defendants' actions and omissions breached the Contracts as Defendants increased base prices in excess of the allowed percentage without providing written notice of such base price increases.

27.  Plaintiff and other California Class members performed all, or substantially all, of the significant acts required by the Contracts and/or were excused from performing those acts.

28.  As a proximate result, Plaintiff and other California Class members have been damaged by Defendants' breaches in the form of higher charges imposed in violation of the Contract.

29.  Plaintiff is entitled to recover its reasonable attorney's fees as paragraph 9 of the Contract provides for fee-shifting in Defendants' favor should Defendants seek enforcement of the Contract.  Pursuant to Cal. Civ. Code § 1717(a), that contractual fee shifting provision is deemed to provide recovery of reasonable fees to the prevailing party, regardless of whether that prevailing party is the party specified in the contract to recover fees.

WHEREFORE, Plaintiff and members of the California Class are entitled to recover:

a. Actual damages in the form of base price increases imposed in violation of the Contracts;

b. Pre-judgment and post-judgment interest on such damages as allowed by law;

c. Reasonable attorneys' fees and litigation costs; and

d. Any other relief that the Court deems proper.

### COUNT II:  BREACH OF CONTRACT – NATIONWIDE CLASS

30. Plaintiff incorporates by reference each and every allegation set forth above as if fully stated herein.

31. Defendants and members of the Nationwide Class entered into written service agreements ("the Contracts") in which Defendants agreed to provide the Nationwide Class members certain linen, uniform and laundry services in exchange for the Nationwide Class members' payment of specified prices.  As part of those specified prices, Defendants and the Nationwide Class members agreed that Defendants would not increase base prices in excess of the allowed percentage without providing written notice to the Nationwide Class of intent to impose such increases.

32. Defendants imposed base price increases in excess of the allowed percentage on the members of the Nationwide Class without previously providing the Nationwide Class written notice of intent to impose those base price increase in excess of the allowed percentage.

33. Defendants actions and omissions breached the Contracts as Defendants increased base prices in excess of the allowed percentage without providing written notice of such base price increases.

34. Plaintiff and other Nationwide Class members performed all, or substantially all, of the significant acts required by the Contracts and/or were excused from performing those acts.

35. As a proximate result, Plaintiff and other Nationwide Class members have been damaged by Defendants' breaches in the form of higher charges imposed in violation of the Contract.

WHEREFORE, Plaintiff and members of the Nationwide Class are entitled to recover:

    a. Actual damages in the form of base price increases imposed in violation of the Contracts;

    b. Pre-judgment and post-judgment interest on such damages as allowed by law;

    c. Litigation costs; and

    d. Any other relief that the Court deems proper.

**Plaintiff demands a jury trial on all issues triable by jury.**

Dated:  May 13, 2022

Respectfully submitted,

*/s/ Melissa S. Weiner*
Melissa S. Weiner (Bar No. 0387900)
**Pearson, Simon & Warshaw, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
mweiner@pswlaw.com
Tel: (612) 389-0600 Main
Fax: (612) 389-0610 Facsimile

D. Greg Blankinship*
Jeremiah Frei-Pearson*
Chantal Khalil*
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com
ckhalil@fbfglaw.com

Mark Potashnick (MO # 41315)*
**WEINHAUS & POTASHNICK**
11500 Olive Blvd., Suite 133
St. Louis, MO 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 997-9170
Email: markp@wp-attorneys.com

*Attorneys for Plaintiff*

* *pro hac vice* application forthcoming