UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAKE LOVE CO., | Case No. 22-cv-1301 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| AMERIPRIDE SERVICES, LLC, a Minnesota corporation, | |
| Defendant. | |

This matter is before the Court on Defendant AmeriPride Services, LLC's Motion to Stay Phase II Discovery (Dkt. 83) ("Motion to Stay"). For the reasons discussed below, the Court denies the Motion to Stay.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2022, Plaintiff Cake Love Co. ("Cake Love" or "Plaintiff") initiated this putative class action, alleging that Defendant AmeriPride Services, LLC ("AmeriPride" or "Defendant") breached its contract with Plaintiff and putative class members when it imposed price increases in excess of the contractual threshold of six percent (6%) per year without previously providing the contractually required notice. (Dkt. 1 ¶¶ 7-28, 30-35.)

On September 26, 2022, Chief United States District Court Judge Patrick J. Schiltz denied AmeriPride's Motion to Dismiss for Failure to State a Claim and to Strike Class Allegations. (Dkt. 42.)

On January 18, 2023, this Court entered a Pretrial Scheduling Order setting a March 31, 2023 deadline for the completion of Phase I discovery, where Phase I discovery related to the claims asserted by Cake Love on its own behalf. (Dkt. 66 at 3-4.) In addition, the Pretrial Scheduling Order sets the timing of Phase II discovery, directed to a nationwide class, as follows:

> Phase II fact discovery shall begin immediately following the conclusion of Phase I fact discovery. During Phase I Discovery, Defendant must make efforts to identify and gather the following nationwide data and documents in preparation for Phase II discovery:
>
> 1. All communications, including but not limited to written communications, emails or instant messages, to and from all AmeriPride personnel from an agreed-upon list of custodians, with AmeriPride providing a proposed list of custodians (including their names, job titles, job responsibilities, and dates of employment) no later than **December 31, 2022**.
>
> 2. All sales data concerning all products and services AmeriPride provides to their customers, including but not limited to:
>
>    a) Data regarding customer contracts, including data that identifies customers, particular contracts or types of contracts, contract start and termination dates, and base prices for products and services;
>
>    b) Data and materials regarding products and services provided to customers, including samples, product codes and descriptions;
>
>    c) Data regarding customer invoices and the prices charged for products and services;
>
>    d) Data regarding customer payments and refunds;
>
>    e) Data and documents regarding written notices of price increases provided to AmeriPride's customers; and

> f) Data and documents regarding communications from customers constituting or reflecting rejections of such price increases.
> 3. Objections and or complaints from customers.
> 4. All customer agreements or contracts.
> 5. Communications with or notices to customers regarding price increases or rejections of such increases.
>
> The parties will make any supplemental Rule 26(a)(1) disclosures pertaining to Phase II discovery on or before **April 14, 2023**. The parties must reasonably supplement all discovery and disclosures consistent with Rule 26(e) throughout the pendency of this action.
>
> Phase II fact discovery must be commenced in time to be completed on or before **October 16, 2023**.

(*Id.* at 4-6 (emphasis in original).)

On March 29, 2023, Defendant contacted Chief Judge Schiltz's chambers to obtain a hearing date on an early summary judgment motion. (Dkt. 79.)

On April 5, 2023, the parties were notified by the Court that "Defendant will be permitted to file an early summary judgment motion after any outstanding issues regarding Phase I discovery are resolved." (Dkt. 78.)

On April 14, 2023, Defendant brought the instant Motion seeking an order to stay Phase II discovery until Chief Judge Schiltz resolves its motion for summary judgment and to deny class certification.

Discovery as to Phase I has not yet been completed, with a supplemental production due from Defendant and both parties seeking additional depositions. (Dkts. 97, 99.)

3

## II.     ANALYSIS

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Armstrong v. Mille Lacs Cty. Sherriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the just determination of the cases which pend before us.") (citations omitted); Fed. R. Civ. P. 26(c). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citation omitted). A proponent of a stay has a heavy burden to establish the need of the stay. *See S. Glazer's Wine & Spirits, LLC v. Harrington*, No. 21-CV-1254 (JRT/JFD), 2021 WL 7286938, at *3 (D. Minn. Sept. 29, 2021) (citing *Edens v. Volkswagen Grp. of Am., Inc.*, No. 16-CV-0750 (WMW/LIB), 2016 WL 3004629, at *1 (D. Minn. May 24, 2016), citing *Jones v. Clinton*, 72 F.3d 1354, 1365 (8th Cir. 1996)).

In evaluating a potential stay, a district court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255 (citation omitted). It is important to emphasize that filing of a dispositive motion does not in and of itself warrant the issuance of a stay of discovery. *See Villalobos v. United States*, No. 21-CV-2233 (NEB/JFD), 2022 WL 2452278, at *2 (D. Minn. July 6, 2022); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steels Minnesota, LLC*, No. CV 09-3037 (SRN/LIB), 2012 WL

12895231, at *3 (D. Minn. July 5, 2012) (citations omitted) (finding that the filing of a motion for summary judgment did not warrant a stay of discovery).  A court should balance the harm produced by a delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery.  *See Great Lakes Gas Transmission*, 2012 WL 12895231, at *3 (citation omitted).  In this regard, "courts typically consider a variety of practical factors when determining whether a stay is appropriate, including: (1) whether the movant has shown it is reasonably likely to succeed on the merits of its dispositive motion; (2) whether the movant has demonstrated it will suffer hardship or inequity if the matter is not stayed; (3) whether there will be prejudice to the non-moving party if the matter is stayed; and (4) what outcome is best for the conservation of judicial resources."  *Villalobos v. United States*, No. 21-CV-2233 (NEB/JFD), 2022 WL 2452278, at *2 (D. Minn. July 6, 2022) (citing *Danger v. Nextep Funding, LLC*, No. 18-CV-567 (SRN/LIB), 2019 WL 4917181, at *2 (D. Minn. Jan. 22, 2019)).

AmeriPride argues that Phase II discovery should be stayed, in part, because it will show at summary judgment that it placed a written, textual notice of a price increase on every invoice that Cake Love has produced in this litigation, which included an increase in base prices above 6%, and that Cake Love admitted that it had more than ten days from receiving the written notice to pay the invoice, meaning that it had time to exercise its contractual right to reject the price increase within ten days of the notice if it chose to do so, but never did.  (Dkt. 85 at 3-4, 8-9.)  Cake Love counters that the contract between the parties requires at least 10 days' advance written notice and opportunity to reject prior to

a price increase exceeding 6%, and that AmeriPride's position that after-the-fact notice provided through an invoice sent after delivery of the products and services complies with the contract has been rejected by Chief Judge Schiltz at the previous September 26, 2022 hearing on AmeriPride's motion to dismiss.[1]  (Dkt. 92 at 11-12.)  Cake Love further argues that, even assuming that the invoices constitute sufficient notice under the parties' agreement, a number of the invoices in which AmeriPride increased prices greater than 6% failed to provide any notice and that AmeriPride failed to provide any prospective relief after Cake Love complained receipt of the invoices with notice of price increases and in fact told Cake Love it had to pay the charges because it had already received and used the products.  (*Id.* at 12.)

To some extent, both AmeriPride and Cake Love are essentially asking this Court to provide an advisory opinion on a motion for summary judgment and its supporting briefing that has yet to be filed and will be decided by Chief Judge Schiltz.  "[T]he Court here is "not inclined to issue an advisory opinion on a dispositive motion addressed to the district judge."  *See Great Lakes Gas Transmission*, 2012 WL 12895231, at *3 (marks and citation omitted).  While the interpretation of the contract may be a question of law, even if Chief Judge Schiltz agrees with AmeriPride that the notice in the invoices constitutes sufficient notice of a price increase under the language of the parties' contract, Chief Judge Schiltz may need to address whether there are disputes of fact, including, but

---

[1]  Chief Judge Schiltz did not decide this issue in connection with Defendant's Motion to Dismiss, he stated that he thought Plaintiff's interpretation was "probably the better reading of the two" but could not reject Defendant's reading out of hand.  (Dkt. 45 at 32:24-33:3.)

6

not limited to, whether each of the invoices (*see, e.g.*, Dkt. 94-1) provided to Cake Love gave it sufficient notice of a price increase. *See Great Lakes Gas Transmission*, 2012 WL 12895231, at *3-4 (citing *Hachette Dist., Inc. v. Hudson Cnty. News Co., Inc.*, 136 F.R.D. 356, 358 (E.D. N.Y 1991)) (looking at the type of motion and whether it deals with a dispute as a matter of law). Based on all this, and the fact that Phase I discovery has yet to be completed, this Court finds that the merits of the anticipated motion for summary judgement does not warrant a stay of Phase II discovery at this time.[2]

AmeriPride's argument for a stay based on the burden and costs it will incur by being forced to engage in the extensive but potentially unnecessary Phase II discovery, while awaiting a decision on its upcoming dispositive motion (Dkt. 85 at 12-13), is also of no avail. With respect to the burden of Phase II discovery, AmeriPride's factual basis for this assertion is as follows:

> Cake Love did not wait until Phase I discovery ended to insist that AmeriPride begin the expensive and time-consuming process of reviewing and producing Phase II documents. On the final day of Phase I, Cake Love's counsel sent AmeriPride's counsel a letter identifying what it believed "to be reasonable steps to begin Phase II." Referencing document requests Cake Love served during Phase I, to which AmeriPride properly limited its

---

[2] Similarly, the Court is reluctant to wade into the merits of whether the class is appropriate for certification under the typicality requirement, in light of the fact that the breach of contract and class claims are beyond the pleading phase, Defendant has not remotely fleshed out its ambiguity argument on the present Motion to Stay, except for one line of deposition testimony by Cake Love which is subject to a variety of interpretations (Dkt. 85 at 11), and discovery related to class certification has obviously not even begun. *See Goyette v. City of Minneapolis*, No. 20-CV-1302 (WMW/DTS), 2020 WL 3056705, at *5 (D. Minn. June 9, 2020) (citing *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018)) ("Rule 23(c) was amended in 2003 to afford more time to engage in discovery prior to certification and make other determinations, rather than deny class certification.").

> responses to only Cake Love materials, the letter states, "now that Phase II has begun, please produce all of the requested documents." Those requests seek, for example: documents sufficient to identify each customer, all items and services they purchased or rented, delivery dates, and the amount and date of each price increase; "all documents concerning the provision of notice to customers of price increases"; and more broadly, "all documents concerning price increases."
>
> While Cake Love's letter identified certain requests that it wants AmeriPride to prioritize in its Phase II production, it by no means addresses all of the vast information that Cake Love is seeking. The letter contemplated steps that Cake Love wants the parties to undertake before AmeriPride can conduct comprehensive document review and production: Cake Love intends to depose certain individuals in order to "determine the scope of Defendant's data production, and Cake Love will be preparing a list of proposed custodians and search terms to inform AmeriPride's review and production of documents in Phase II. Moreover, as it was required by the Scheduling Order, AmeriPride has already collected over 350,000 documents to be reviewed for Phase II. This does not include additional documents that must still be collected, in particular emails, from custodians and under search terms to be agreed to by the Parties. In short, Phase II discovery is a sizeable undertaking that brings with it significant burden and cost.

(Dkt. 85 at 5-6.)

Outside of the conclusory assertions of counsel in its supporting memorandum, AmeriPride has failed to provide specifics in support of its claims of undue burden. A party seeking to limit discovery must "establish grounds for not providing the discovery that are specific and factual; the party cannot meet its burden by making conclusory allegations as to undue burden." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (marks and citations omitted). The Court acknowledges that discovery is a burden for all parties in terms of cost. However, AmeriPride has already collected documents (but not emails) with respect to Phase II discovery, and there is nothing precluding AmeriPride from seeking (in good faith) protection via motion practice from specific

8

requests for documents and other information that it asserts are not proportional to the needs of the case or is otherwise unduly burdensome.[3]

Moreover, the parties have brought several disputes regarding Phase I discovery to the Court for resolution, and at this point, the Court anticipates the same from the parties as to Phase II, which may well delay resolution of this case. This potential delay, the fact that Phase I discovery has not concluded, the anticipated motion to amend the Amended Complaint by Plaintiff (*see* Dkt. 91 at 27-28), and the fact that this case has already been proceeding for over one year is contrary to the Court's and parties' interest in ensuring timely adjudication of the parties' rights, including the putative class members. *See* Fed. R. Civ. P. 1. This also weighs against the staying Phase II discovery.

Based on the totality of the circumstances and the current record, the Court finds that a stay of Phase II discovery is not appropriate. The Motion to Stay is denied.

### III.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**: Defendant AmeriPride Services, LLC's Motion to Stay Phase II Discovery (Dkt. 83) is **DENIED**.

DATED: May 4, 2023

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

[3]   The parties must also continue to meet and confer with respect to a Phase II discovery plan that will allow discovery to proceed in an efficient and proportionate manner given the procedural posture of the case.