IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAKE LOVE CO. and Q-MARK MANUFACTURING, INC., | ) ) ) |
| Plaintiffs, | ) Case No. 0:22-cv-01301-PJS-ECW ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| AMERIPRIDE SERVICES, LLC, | ) ) |
| Defendant. | ) |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Cake Love Co. and Q-Mark Manufacturing, Inc. (collectively "Plaintiffs"), both California corporations, on behalf of themselves and the proposed Classes (defined below), by and through their counsel, state as follows for their Second Amended Class Action Complaint against AmeriPride Services, Inc. ("AmeriPride" or "Defendant"):

## THE PARTIES

1.  Plaintiff Cake Love Co. ("Cake Love") is a California Corporation which operates as a bakery with its principal place of business located at 926 East Ontario Avenue, Suite 104, Corona, California, 92881. Since on or about February 27, 2018, Cake Love and AmeriPride have been parties to a written contract titled "AmeriPride Services Inc Service Agreement." Defendant uses standard contracts and/or contract provisions that govern the prices for the provision of their services, which include a price increase threshold that requires notice if prices increase above a certain percentage. A true and correct copy of the Contract between Cake Love and AmeriPride is attached hereto as

1

"Exhibit A" (referenced collectively with Q-Mark Manufacturing Inc.'s contract as "the Contract"). Cake Love was not represented by counsel in the negotiation and execution of its Contract.

2. Plaintiff Q-Mark Manufacturing Inc. ("Q-Mark") is a California Corporation which operates as a stylus manufacturing and sales business with its principal place of business located at 30051 Comercio, Rancho Santa Margarita, California, 92688. Since on or about May 20, 2014, Q-Mark and AmeriPride have been parties to a written contract titled "AmeriPride Services Rental Service Agreement" which is substantially similar to the agreement between Cake Love and AmeriPride in relevant respects, including a price increase threshold that requires notice if prices increase above a certain percentage. A true and correct copy of the Contract between Q-Mark and Defendant is attached hereto as "Exhibit B." Q-Mark was not represented by counsel in the negotiation and execution of the Contract.

3. Until January 5, 2021, AmeriPride Services Inc. was a Delaware corporation maintaining its principal place of business in Saint Paul, Minnesota. On January 6, 2021, AmeriPride Services Inc. converted to a limited liability company and changed its registered business name to AmeriPride Services, LLC. AmeriPride Services, LLC is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota. AmeriPride Services, LLC is a wholly owned subsidiary of Aramark Uniform & Career Apparel Group, Inc. ECF 35. Aramark Uniform & Career Apparel Group, Inc. is a Delaware corporation maintaining its principal place of business in Pennsylvania. Therefore, AmeriPride Services LLC is a citizen of Delaware and Pennsylvania.

4.     AmeriPride Services Inc. was in the business of providing linen, uniform, and laundry services, along with various other workplace supplies. AmeriPride is now owned by Aramark Uniform & Career Apparel Group, Inc. and AmeriPride's sole member is Aramark Uniform & Career Apparel Group, Inc. AmeriPride has conducted business in its own name and has continued to utilize the Contract in similar substance and form in conducting its business since AmeriPride became a limited liability company solely owned by Aramark Uniform & Career Apparel Group, Inc. *See* Aramark, Annual Report (Form 10-K) (Nov. 23, 2021) at Ex. 2.2.

## JURISDICTION AND VENUE

5.     The Court maintains original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) as the matter in controversy exceeds the value of $5,000,000.00, exclusive of interest and costs, and Plaintiffs assert a class action claim in which Plaintiffs are citizens of a state different from any Defendant.

6.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Defendant AmeriPride is a resident of this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, Defendant has conducted business in this District during all times relevant, and Defendant is subject to personal jurisdiction within this District.

## NATURE OF ACTION

**A.     Facts Relevant To Breach Of Contract Claims**

7.     Defendant operates a supply, linen, uniform, and laundry service from which Plaintiffs and members of the Classes rent items such as linens, towels, floor mats, mop

3

heads, uniforms, and aprons.  Defendant enters into a form Contract with Plaintiffs and members of the Class in formalizing their business relationship.

8.   This class action arises out of Defendant's systematic breach of the Contract.

9.   The Contract is a form agreement widely used by AmeriPride and executed by AmeriPride and members of the Classes.

10.  Paragraph 3 of the Contract provides:

> The initial base price for the services has been identified above.  This may change if inventories increase or decrease, but they cannot decrease below the invoice minimum listed above.  In addition to the base price, we reserve the right to charge you for other ancillary fees related to the services provided including a minimum delivery charge and inventory maintenance charge.  We reserve the right to: (i) increase base prices by 6% each year during the term, (ii) increase ancillary fees and (iii) add ancillary fees as needed.  ***If we feel an increase in base price in excess of 6% is necessary, we will notify you of that increase in writing and should you so desire, you can give us notice within 10 days of your rejection of the price increase in excess of 6%.***  The price charged is calculated using a 52 week year and for that reason, there will be no reduction for vacation illness or temporary shutdown.

Ex. A, at 2, ¶ 3 (emphasis added).

11.  Per the plain language of the Contract, Defendant is contractually required to provide advance written notice of a base price increase exceeding 6%[1] prior to imposing a base price increase exceeding 6%.  *Id.*  Absent advance written notice of the price increase (which triggers the ability to provide written notice of rejection), any such notification would be illusory as the price increase imposition would be without recourse.

---

[1] Defendant's Contract with Plaintiffs identifies 6% as the price increase triggering the need to provide notice.  However, the Classes include all customers with Contracts with price increase caps that trigger a notice requirement.

4

12. Contrary to the letter and spirit of the Contract, Defendant has systematically increased base prices in excess of the contractually permitted percentage increase (in fact, as high as 30%). For example, Defendant increased the base prices charged to Cake Love as reflected in an invoice dated February 19, 2019, which is attached hereto as "Exhibit C." Below is a chart prepared by Plaintiffs' counsel that compares the contracted base prices and the February 19, 2019 invoice prices:

| Item | Contract Base Price | Invoiced Price | Percentage Increase | Dollar Increase for Billing Cycle |
|---|---|---|---|---|
| Aprons | $0.26 | $0.29 | 11.5% | $1.06 |
| Towels | $0.10 | $0.13 | 30.0% | $3.14 |
| Wet Mop | $2.02 | $2.22 | 10.0% | $0.41 |
| Logo Mat | $5.00 | $5.51 | 10.2% | $0.51 |
| Service Charge | $7.50 | $8.62 | 14.9% | $1.12 |
| | | | Total: | $6.24 |

13. As another example, Defendant increased the base prices charged to Q-Mark as reflected in an invoice dated May 5, 2022, which is attached hereto as "Exhibit D." For comparison, the prior invoice, dated April 28, 2022, is attached hereto as "Exhibit E." Below is a chart prepared by Plaintiffs' counsel that compares the prior price and the May 5, 2022 invoice prices:

| Item | Prior Invoiced Price | May 5, 2022 Invoiced Price | Percentage Increase | Dollar Increase for Billing Cycle |
|---|---|---|---|---|
| Mat-Scraper | $ 2.40 | $ 2.64 | 10.00% | $0.24 |
| Mat-Logo | $ 7.87 | $ 8.66 | 10.04% | $0.79 |
| Mat Des Nylon | $ 5.91 | $ 6.50 | 10.08% | $0.59 |
| Mat Flagstone | $ 7.46 | $ 8.20 | 9.92% | $0.74 |
| Service Charge | $28.49 | $31.33 | 9.97% | $2.84 |
| Coat Wrap Spun | $ 0.45 | $ 0.50 | 11.11% | $0.05 |

| Coat Wrap Spun | $ 0.45 | $ 0.50 | 11.11% | $0.05 |
|---|---|---|---|---|
|  |  |  | Total: | $5.30 |

14.     Prior to imposing these base price increases in excess of 6%, Defendant failed to provide Plaintiffs and other customers the required written notice of intent to impose such increases.  Rather, Defendant simply systematically imposed these base price increases through regular invoicing, depriving Plaintiffs and the Classes of an ability to reject the increase.

15.     Accordingly, Defendant unilaterally implemented base price increases exceeding the allowed percentage without complying with its own contractual requirement for such price increases.

16.     Defendant's conduct constitutes systemic breaches of the Contract.

17.     Defendant may contend that it provides written notice under the Contract because it sometimes (but not always) includes a statement on invoices that reflect an increase of more than 6% for one or more products that "An increase may have been applied to some or all of your changes."  Such a statement on an invoice does not comply with the Contract because it is only provided after products have been delivered and after payment is due.  This statement is also not compliant with the contract because it does not "notify you of that increase in writing" because it does not identify which product price has increased by 6%, and it only states that an increase *may have* been applied and thus it is not notice of that increase.

18.     Other times (but not always), an invoice includes the statement "An annual increase has been applied to your charges.  For further details, ask your Sales Route

Representative." Such a statement on an invoice does not comply with the Contract because it is only provided after products have been delivered and after payment is due. This statement is also not compliant with the contract because it does not "notify you of *that* increase in writing" because it does not identify which product(s)' price has increased by greater than 6%, and thus it is not notice of *that* increase.

19. As a result of Defendant's breaches of the Contract, Plaintiffs and members of the Classes' have been damaged in the form of excessive charges for Defendant's services.

**B.   Facts Relevant to Breach Of The Duty Of Good Faith And Fair Dealing**

20. Plaintiffs incorporate by reference each and every allegation set forth above as if fully stated herein.

21. Even assuming *arguendo* that after-the-fact invoicing complies with Defendant's contractual requirement to provide written notice, Defendant systematically violates its duty of good faith and fair dealing by providing such notice in ways that prevent customers from being alerted to, or warned of, the fact that they are being subjected to a price increase of more than 6%.

22. For example, Defendant never actually states that a price increase is over 6%, instead simply stating that there may be, or is, *a* price increase. Such a statement does not alert or warn customers that there is an increase over 6%, which triggers their right to reject the increase.

23. Defendant also never identifies which products' prices have increased or by how much. AmeriPride frequently raises prices on some but not all products, and without

7

notice indicating which products are subject to a 6% increase, customers are not provided information or an alert regarding whether the price increase is over 6% thus triggering the right to reject.

24. These statements in invoices are also sometimes provided in exceedingly small print that is hardly noticeable or legible.

25. These statements are also sometimes confusing to customers because Defendant inserts the same price increase notice on invoices which include no price increase or an increase less than 6%.

26. Through such conduct, Defendant unfairly interfered with its customers' right to receive the benefit of the Contract.

27. Through such conduct, Defendant unjustifiably hindered and frustrated its customers' exercise of their rights under the Contract.

28. Defendant's conduct was in bad faith, based on the ulterior motive of hindering or frustrates its customers' contractual right to receive timely notice of price increases exceeding 6% and/or hindering or frustrating its customers' contractual right to reject price increases exceeding 6%.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring Counts I and III of this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated customers of Defendant in California (the "California Class"), defined as follows:

> During the class period, all customers of Defendant within the State of California who were parties to the Contract and who were subject to one or more base price increases within four years prior to the filing of this Class

Action Complaint to the present in excess of the contractually allowed percentage and who were not first notified of such increase in writing.

30. Plaintiffs also bring Counts II and IV of this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and similarly situated individuals within all states (the "Nationwide Class"), defined as follows:

> During the class period, all customers of Defendant within the United States who were parties to the Contract and who were subject to one or more base price increases within the applicable statute of limitations periods to the present in excess of the contractually allowed percentage and who were not first notified of such increase in writing.

31. The California Class and the Nationwide Class are referred to collectively as the "Classes."

32. At this time, Plaintiffs do not know the exact number of members of each Class but, based on public reporting of the size of AmeriPride, reasonably estimates the number of members of each class is at least thousands. AmeriPride's website boasts "broad North American coverage." AmeriPride, https://www.ameripride.com/ (last visited Apr. 11, 2022). Thus, the Classes are so numerous that joinder of all members is impracticable.

33. There are questions of law or fact common to the Classes that predominate over any questions affecting only individual members, including:

> (a) whether the Contract restricted Defendant to impose base price increases exceeding an allowed percentage only after providing advanced written notice;
>
> (b) whether Defendant imposed base price increases exceeding the allowed percentage;
>
> (c) whether Defendant provided written notices of base price increases exceeding the allowed percentage prior to imposing such base price increases,

9

  (d) whether Defendant's conduct violated the Contract;

  (e) whether Defendant's customers are entitled to recover damages as a result of such breaches of contract;

  (f) whether Defendant's violated the duty of good faith and fair dealing by providing notices on after-the-fact invoices that:

    (i) fail to indicate whether a price increase exceeds 6%;

    (ii) fail to identify which products' prices increased and/or by how much;

    (iii) provide notice in small print that is hardly noticeable or legible;

    (iv) insert the same price increase when an invoice includes no price increase or an increase less than 6%; and/or

    (v) any combination of more than one of the above-listed acts.

  (g) whether Defendant's customers are entitled to recover damages as a result of such breaches of the duty of good faith and fair dealing.

  34. Plaintiffs' claims are typical of those of the members of the Classes, because Plaintiffs, like all members of the Classes, executed the Contract, which provides for written notice of intent to impose base price increases exceeding the allowed percentage, Defendant failed to provide Plaintiffs advance written notice of its intent to implement such base price increases, and Plaintiffs were damaged by such conduct. Moreover, even assuming arguendo that Defendant's after-the-fact invoice notices complied with the Contract, Defendant subjected all class members to the same invoices that fail to indicate whether a price increase exceeds 6%; fail to identify which product(s)' prices increased and by how much; sometimes provide notice in small print that is hardly noticeable or legible; and cause confusion by inserting the same price increase notice on invoices which

include no price increase or an increase less than 6%. Plaintiffs assert the same breach of contract claims and breach of duty of good faith and fair dealing claims as all other members of the Classes.

35. Plaintiffs will fairly and adequately protect the interests of the Classes as they have retained counsel that is experienced in litigating complex class actions, and Plaintiffs have no interests which conflict with those of the Classes.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy as the value of each Class members' claim is relatively small and therefore, it is unlike that the class members are interested in individually controlling the prosecution of separate actions, pursuing separate actions is likely cost-prohibitive due to the relatively small value of the claims, no similar claim is pending to Plaintiffs' counsel knowledge, it is desirable to concentrate the litigation in one forum to avoid duplicative efforts and inconsistent outcomes, there are no substantial difficulties in managing class claims, and economies of scale may be achieved by litigating numerous similar claims in the same forum.

**COUNT I:   BREACH OF CONTRACT – CALIFORNIA CLASS**

37. Plaintiffs incorporate by reference each and every allegation set forth above as if fully stated herein.

38. Defendant and members of the California Class entered into written service agreements ("the Contracts") in which Defendant agreed to provide the California Class members certain supply, linen, uniform, and laundry services in exchange for the California Class members' payment of specified prices. As part of those specified prices, Defendant

and the California Class members agreed that Defendant would not increase base prices in excess of the allowed percentage without providing written notice to the California Class of intent to impose such increases.

39. Defendant imposed base price increases in excess of the allowed percentage on the members of the California Class without previously providing the California Class written notice of intent to impose those base price increases in excess of the allowed percentage.

40. Defendant's actions and omissions breached the Contracts as Defendant increased base prices in excess of the allowed percentage without providing written notice of such base price increases.

41. Plaintiffs and other California Class members performed all, or substantially all, of the significant acts required by the Contracts and/or were excused from performing those acts.

42. As a proximate result, Plaintiffs and other California Class members have been damaged by Defendant's breaches in the form of higher charges imposed in violation of the Contract.

43. Plaintiffs are entitled to recover their reasonable attorney's fees as paragraph 9 of the Contract provides for fee-shifting in Defendant's favor should Defendant seek enforcement of the Contract. Pursuant to Cal. Civ. Code § 1717(a), that contractual fee-shifting provision is deemed to provide recovery of reasonable fees to the prevailing party, regardless of whether that prevailing party is the party specified in the Contract to recover fees.

WHEREFORE, Plaintiffs and members of the California Class are entitled to recover:

a. Actual damages in the form of base price increases imposed in violation of the Contracts;

b. Pre-judgment and post-judgment interest on such damages as allowed by law;

c. Reasonable attorneys' fees and litigation costs; and

d. Any other relief that the Court deems proper.

### COUNT II:  BREACH OF CONTRACT – NATIONWIDE CLASS

44. Plaintiffs incorporate by reference each and every allegation set forth above as if fully stated herein.

45. Defendant and members of the Nationwide Class entered into written service agreements ("the Contracts") in which Defendant agreed to provide the Nationwide Class members certain supply, linen, uniform, and laundry services in exchange for the Nationwide Class members' payment of specified prices.  As part of those specified prices, Defendant and the Nationwide Class members agreed that Defendant would not increase base prices in excess of the allowed percentage without providing written notice to the Nationwide Class of intent to impose such increases.

46. Defendant imposed base price increases in excess of the allowed percentage on the members of the Nationwide Class without previously providing the Nationwide Class written notice of intent to impose those base price increases in excess of the allowed percentage.

47. Defendant's actions and omissions breached the Contracts as Defendant increased base prices in excess of the allowed percentage without providing written notice of such base price increases.

48. Plaintiffs and other Nationwide Class members performed all, or substantially all, of the significant acts required by the Contracts and/or were excused from performing those acts.

49. As a proximate result, Plaintiffs and other Nationwide Class members have been damaged by Defendant's breaches in the form of higher charges imposed in violation of the Contract.

WHEREFORE, Plaintiffs and members of the Nationwide Class are entitled to recover:

   a. Actual damages in the form of base price increases imposed in violation of the Contracts;

   b. Pre-judgment and post-judgment interest on such damages as allowed by law;

   c. Litigation costs; and

   d. Any other relief that the Court deems proper.

### COUNT III:  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING – CALIFORNIA CLASS

50. Plaintiffs allege Count III in the alternative to Count I.

51. Plaintiffs incorporate by reference each and every allegation set forth above as if fully stated herein.

52. All conditions required for Defendant's performance had occurred.

53. Assuming *arguendo* that after-the-fact notice through an invoice complies with Contract, Defendant unfairly interfered with its customers' right to receive the benefit of the Contract by failing to indicate whether a price increase exceeds 6%; failing to identify which products' prices increased and by how much; sometimes providing notice of price increases in small print that is hardly noticeable or legible; and confusing its customers by inserting the same price increase notice on invoices which include no price increase or an increase less than 6%.

54. Such conduct violates Defendant's duty of good faith and fair dealing.

55. As a proximate result, Plaintiffs and other California Class members have been damaged by Defendant's breaches in the form of higher charges imposed in violation of the Contract.

56. Plaintiffs are entitled to recover their reasonable attorney's fees as paragraph 9 of the Contract provides for fee-shifting in Defendant's favor should Defendant seek enforcement of the Contract. Pursuant to Cal. Civ. Code § 1717(a), that contractual fee-shifting provision is deemed to provide recovery of reasonable fees to the prevailing party, regardless of whether that prevailing party is the party specified in the Contract to recover fees.

WHEREFORE, Plaintiffs and members of the California Class are entitled to recover:

    a. Actual damages in the form of base price increases imposed in violation of the Contracts;

b. Pre-judgment and post-judgment interest on such damages as allowed by law;

c. Reasonable attorneys' fees and litigation costs; and

d. Any other relief that the Court deems proper.

### COUNT IV:  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING – NATIONWIDE CLASS

57. Plaintiffs allege Count IV in the alternative to Count II.

58. Plaintiffs incorporate by reference each and every allegation set forth above as if fully stated herein.

59. Assuming *arguendo* that after-the-fact notice through an invoice complies with the Contract, Defendant unjustifiable hindered and/or frustrated its customers' exercise of their rights under the Contract by failing to indicate whether a price increase exceeds 6%; failing to identify which products' prices increased and by how much; sometimes providing notice in small print that is hardly noticeable or legible; and confusing its customers by inserting the same price increase notice on invoices which include no price increase or an increase less than 6%.

60. Defendant's conduct was in bad faith and based on the ulterior motive of hindering its customers' contractual right to receive timely notice of price increases exceeding 6% and/or hindering its customers' contractual right to reject price increases exceeding 6%.

61. Such conduct violates Defendant's duty of good faith and fair dealing.

62. As a proximate result, Plaintiffs and other Nationwide Class members have been damaged by Defendant's breaches in the form of higher charges imposed in violation of the Contract.

WHEREFORE, Plaintiffs and members of the California Class are entitled to recover:

a. Actual damages in the form of base price increases imposed in violation of the Contracts;

b. Pre-judgment and post-judgment interest on such damages as allowed by law;

c. Reasonable attorneys' fees and litigation costs; and

d. Any other relief that the Court deems proper.

**Plaintiffs demand a jury trial on all issues triable by jury.**

Dated:  July 12, 2023                     Respectfully submitted,

*/s/ D. Greg Blankinship\**
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com

Melissa S. Weiner
**Pearson Warshaw, LLP**
328 Barry Avenue South, Suite 200
Wayzata, MN 55391
mweiner@pwfirm.com
Tel: (612) 389-0600 Main
Fax: (612) 389-0610 Facsimile

17

Mark Potashnick (MO # 41315)\*  
**WEINHAUS & POTASHNICK**  
11500 Olive Blvd., Suite 133  
St. Louis, MO 63141  
Telephone: (314) 997-9150 ext. 2  
Facsimile: (314) 997-9170  
Email: markp@wp-attorneys.com  

*Attorneys for Plaintiffs*

\* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on all counsel of record via the Court's electronic case filing system on this 12th day of July 2023.

/s/    D. Greg Blankinship
