UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAKE LOVE CO. and Q-MARK MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> AMERIPRIDE SERVICES, LLC, <br><br> Defendant. | Civil No. 22-01301-PJS-ECW |

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

The Court, having held a Fairness Hearing on May 5, 2025, and having considered all matters submitted to it at the Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order (the "Order") and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement Agreement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement Agreement. Venue is proper in this Court.

2. This Order incorporates and makes a part hereof: (a) the Class Action Settlement Agreement, fully executed as of July 18, 2024 ("Settlement Agreement"), entered into between Plaintiffs Cake Love Co. and Q-Mark Manufacturing, Inc. ("Plaintiffs") and Defendant AmeriPride Services, LLC ("Defendant" or "AmeriPride"),

1

including the definitions in the Settlement Agreement; and (b) the Notice attached as an Exhibit thereto. All capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. The Court finds that the Settlement Agreement is fair, reasonable and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length and without collusion. The Court approves and directs consummation of the Settlement Agreement.

4. The Court approves the Releases provided in Section J of the Settlement Agreement and orders that, as of the Effective Date, the Released Parties shall be fully, finally, and completely released, relinquished, acquitted and forever discharged under the Release from any and all Released Claims. The Released Parties shall also release Plaintiffs from any and all claims accrued as of the Effective Date; provided, however, that nothing in such release shall release Plaintiffs' obligation to pay invoices for products or services rendered to Plaintiffs by Defendant. As of the Effective Date, all Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon and cancel any and all Released Claims against the Released Parties. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims.

5. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement Agreement.

6. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

7. The Court dismisses with prejudice all claims of the Settlement Class against Defendant in the Action, without costs and fees except as explicitly provided for in the Settlement Agreement.

8. On September 19, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards. The Court modified the Settlement Timeline, including the fairness hearing date, in its November 14, 2024, Order Granting Unopposed Motion to Extend Settlement Timeline and Final Approval Hearing and December 23, 2024, Order Granting Joint Motion to Modify Timeline for Notice Dissemination. *See* ECF Nos. 189, 192.

9. The Court's Preliminary Approval Order approved the Notice and found the mailing, distribution and publishing of the Notice as proposed met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

10. The Court finds that the distribution of the Notice has been achieved pursuant to the Preliminary Approval Order, the Settlement Agreement and the Court modified the Settlement Timeline and that the Notice to Settlement Class Members complied with Rule 23 of the Federal Rules of Civil Procedure and due process.

11. The Court finds Defendant has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

12. The Court grants, for settlement purposes only, final approval of its appointment of Plaintiffs Cake Love Co. and Q-Mark Manufacturing, Inc. as Class Representatives.

13. The Court grants, for settlement purposes only, final approval of its appointment of D. Greg Blankinship of Finkelstein, Blankinship, Frei Pearson & Garber, LLP; Mark Potashnick of Weinhaus & Potashnick; and Melissa Weiner of Pearson Warshaw, LLP as Class Counsel.

14. The Court certifies the following Settlement Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3):

> All current and past customers of Defendant within the United States who are, or were, parties to the Contract on or before the entry of the Preliminary Approval Order and whose claims are not barred by an applicable statute of limitations.

15. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Settlement Class of approximately 82,430 Settlement Class Members is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class,

and the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

16. The Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Settlement Class's likelihood of success both of maintaining this Action as a class action and of prevailing on the claims at trial, including the possibility that Defendant could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Settlement Class) and the complexity, expense and duration of the Action; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiffs and Class Counsel have adequately represented the proposed Settlement Class;

    b. The terms of the Settlement Agreement were negotiated at arm's length and vigorously advocated by experienced counsel for Plaintiffs and Defendant;

    c. The outcome of the Action was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

  d.  It is possible that the proposed Settlement Class could receive more if the Action were to go to trial, but it is also possible that the Settlement Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat class certification;

  e.  The value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

  f.  The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Settlement Class Members;

  g.  The aggregate consideration for the Settlement Class—including the Settlement Fund, which Defendant shall cause to be funded—is commensurate with the claims asserted and being released as part of the Settlement Agreement; and

  h.  The terms of the Settlement Agreement treat the Settlement Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable and adequate resolution of the Action.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. Settlement Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement

Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

17. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement. If redistribution is commercially unreasonable, then the remaining funds will be donated as *cy pres* to St. Jude's Children's Hospital as per the Settlement Agreement.

18. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for this Action or other litigation of any claims or class that have been, or could have been, asserted in the Action.

19. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant, or that Plaintiffs, any Settlement Class Member or any other person has suffered any damage under the notice provision of the Contract. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Defendant, Class Counsel or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

20.    The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims, or any similar claims, are suitable for class treatment.

**SO ORDERED**, this ___ day of _____, 2025.

						_____
						Patrick J. Schiltz, Chief Judge
						United States District Court